Last case that we're going to argue before break, which is United States v. Herrin. And for the appellant here, we have Mr. Donahue. Donahoe. Pardon me? Donahoe. Mr. Donahoe. And for the appellees, we have Mr. Kirshner. Did I pronounce that? It's Mr. Roscoe this afternoon, Your Honor. Oh, wait a minute. That's where I was. I got the wrong sheet. Yes, Mr. Roscoe. Okay, so we'll proceed with Mr. Donahoe's argument. The case is set for 10 minutes per side. So if you want to make a rebuttal, please try to stop before your time's all gone. But if you need an extra minute or two, ask for it, and we'll give it to you. Thank you, Your Honor. If it pleases the court, this is Michael Donahoe. I work for the Federal Defender's Office in Helena, Montana, and I represent Mr. Herrin. In the interest of time, I understand that the court has a full calendar. I don't know that I need to use the full 10 minutes. I think it's pretty clear what the substantive claims here are, and by that I mean I don't think that I need to belabor the point that we have a grand jury claim and a statute of limitations claim. And I think the provisions, the constitutional provision and the statutory law is pretty clear on that. The broader issue here, I think for all of these issues or both of those issues, it turns out to be a referendum on prosecutorial discretion. What are the indispensable facts that the government needs to prove an offense? And so the question presents itself here. Did the United States make a prudent judgment in deciding not to indict a 2113B under Title 18, theft from a bank, theft of the armored car? When they knew full well at the trial proper, they were going to proffer facts that indicated that Mr. Herrin was the actual thief of the money in order to prove that it was stolen. So the question I have about that, Mr. Donahoe, is it's fairly common, isn't it, for a defendant engages in a course of conduct that might violate multiple criminal statutes and the government chooses to charge some subset of them and in the course of proving that introduces facts that might well establish the elements of some of the other offenses that are uncharged. But we don't ordinarily think there's anything wrong with that. So what's wrong with it here? What's wrong with it here is that this is an independent federal offense that the government specifically argued to the jury by hypothesis that in the end that argument rendered that money stolen by Mr. Herrin. His identity as the thief is crucial to prove the character of the money and if it stands independently as a federal offense, it should have been indicted. I want to make the point here. Judge Gould, if I can interject on that last point. Isn't it correct that to make out their offense, they just have to prove that the property being transported across state lines was stolen. They wouldn't have to show that your client stole it. I think that respectfully, I understand that sentence and it's actually been floating around this case for quite some time. Judge Haddon relied on such language. Mr. Roscoe has consistently relied on such language. It's not a good fit here. That broad proposition is not what the government did at the trial. At the trial, they wanted to try him as the thief and we pretty much caught on to that early and raised it as a pretrial matter. With respect, they did not try him as the thief in the sense of they did not obtain a conviction for bank theft and did not obtain a sentence for bank theft. They obtained a conviction and a sentence for something that did not require the proof that defendant was actually the thief rather that he transported the money that was stolen. I mean, Al Capone went to prison for tax evasion. Everybody may have understood he did something more serious than that but they could get him for tax evasion and he didn't have a defense to that charge in saying, well, you should have charged me with all my murders and prohibition violations and everything else. In this case, I'm hearing from you an argument, my guy should have been charged with something more serious and there's logic in that. I mean, this isn't silly. The logic in that is if they charged him with something serious, more serious but couldn't prove that and proves the prospects of maybe I beat the claims that they did bring but that didn't happen. And so I'm just kind of adrift as to what argument you can make as to how your client was somehow prejudiced by the government's failure to charge him with something more serious. Yeah, respectfully, Your Honor, I've argued to the court before actually many times and I see this situation as a breach, a fundamental breach of every constitutional provision that protects a criminal defendant in the course of the trial. These convictions are based on the assumption that he was the thief. One of the grand jurors and it's in the record, in the district court record, the grand jury transcript. One of the jurors posed the question, isn't all of this, doesn't it assume that he was the thief? If the government wanted to try him as the thief, they should have indicted him as the thief. Your Honor is exactly right. Your Honor is exactly right that they're proving something less serious because they're concerned that they don't have sufficient proof on the more serious. So they're joining what these two matters so that they can lesser their burden. Counsel, suppose... It's not proof. Counsel, Judge Gould, if I can interject, just explain to me why, if the government is required to prove that there's stolen money or stolen property that's being transported, that it's not relevant to proving that to show that a person stole the property themselves. If they stole the property themselves, that would be relevant to show that they are knowingly transporting stolen property. So what am I missing in that question? The prosecutorial narrative was that Mr. Herring was the thief. Being the thief of this money is a federal crime. Federal crime, felony crimes needed to be brought by grand jury indictment. There was no way that Mr. Herring could defend and achieve or acquire a not guilty verdict as the thief. Had he done so, the remainder of the government's case is for naught. That seems to me to be a self-evident proposition. I just don't understand... I have a question about that, which I think also implicates your statute of limitations issue. So 922I makes it a federal offense to knowingly possess a stolen firearm. So suppose somebody steals a firearm and a number of years go by and the statute of limitations on the theft runs out. And then the government finds that he's possessing this firearm and they want to charge him for the 922I offense. Is it your position that that prosecution is just impossible? He gets to keep the gun because in order to prove the 922I offense, you'd have to prove that he stole it. And you're not allowed to do that because then you'd be proving this offense that's barred by the statute. Your Honor, respectfully, I see no application of hypothetical to the circumstances of this case. The government stood before the jury, the pettit jury, and basically told them that Mr. Heron was the thief. Yeah, that's exactly what they're doing in my hypothetical. Based on evidence that they put into the record. And when we argued that that was not permissible, when we argued that there should have been a correct 404B instruction, all of that was denied. It was just consistently denied. Thank you, Your Honors. I think I'm out of time. Thank you, Counsel. Counsel, I'll give you one minute for rebuttal if you want it. Let's proceed to the government's argument. Thank you, Your Honor. Good afternoon. May it please the Court. Tim Roscoe on behalf of the United States. I'm in AUSA in the Missoula office here in Montana, and this has been my case from the outset. And Mr. Donohoe and I have discussed this on many occasions, but we just have a fundamental difference of opinion about what is really transpiring here. And the government's view is that this case is strictly a question of what evidence is admissible at trial. We introduced evidence to show that Mr. Heron either took the money or knew how the money might have been taken in order to prove the elements of the crime that we charged, which was interstate transportation of stolen money. That's the lens through which we view this case as a strictly evidentiary question. Was the evidence relevant to prove the elements of the crime that we charged? And it was. Was it unduly prejudicial? We believe it was not. We do not believe a 404B instruction was even necessary, but we do not think that the pattern instruction from this circuit clouded the jury's ability to weigh the evidence and render an effective verdict. We did not argue that Mr. Heron was the thief. There's two and a half pages of the government's closing, which is cited with some frequency in Mr. Heron's briefing, two and a half pages of the transcript in the government's closing before the hypothetical that he references about how the money might have been taken, and then the jury is expressly reminded that that's a mystery they do not need to solve. So we did not ask them to convict Mr. Heron sort of de facto as being the thief when he wasn't. And I think the fact that the jury carefully weighed the evidence is also supported by the fact that it's a mixed verdict. They acquitted Mr. Heron on four counts of money laundering that relate to money he deposited into the bank after his second trip to Las Vegas. And the only fair inference from all of the evidence and the jury's weighing of that evidence is that they concluded that even if he did take it, he didn't transport that portion of it across state lines. So even if they thought he was the thief, they clearly didn't hold that against him. The pattern instruction says you don't need to identify who stole the money. That's why we kept reminding the jury of that during the midst of our argument. And a hypothetical that would apply here is, and there are some of them, there are situations where there is no federal jurisdiction for the underlying crime at all. For instance, there is no federal statute for stealing a motor vehicle, but you can be prosecuted for it, for transporting a stolen motor vehicle across state lines. And, of course, the best proof that the vehicle's stolen, to go to your point, Judge Miller, would be the fact that the defendant stole it. So we don't think it's a constitutional question at all. We don't think there's a grand jury issue here. We think it's strictly viewed through the lens of the rules of evidence. I'd be delighted to answer any questions that the court has, but I know you have a long docket today, so I'm also content to rest on our briefs. I have no questions. No? No questions here. Thank you, Your Honors. Thank you. Does the appellant want to make a minute of rebuttal? No, Your Honor, I'm fine. Thank you. Okay, thank you. This hearing case will now be submitted, and the parties will hear from us in due course. I want to thank both of you for your spirited advocacy. And with that, the court will now take a 15-minute recess. And we will resume thereafter to discuss the Morgan Stanley high-yield securities argument and the consolidated freight lines argument. All rise. This court stands in recess for 15 minutes.
judges: Gould, Clifton, Miller